**UNITED STATES of America, Plaintiff,**

v.

**Dustin Lee HONKEN, Defendant.**

**No. CR 01–3047–MWB.**

United States District Court, N.D. Iowa, Central Division.

Sept. 1, 2004.

Alfredo G. Parrish, Parrish Kruidenier Moss Dunn Montgomery Boles & Gribble, LLP, Des Moines, IA, for Defendant.

Charles J. Williams, U.S. Attorney's Office, Cedar Rapids, IA, for Plaintiff.

**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S REQUEST FOR "RESIDUAL DOUBT" INSTRUCTION AT PENALTY PHASE**

BENNETT, Chief Judge.

■ One issue to surface in this case in the course of individual voir dire of potential jurors is whether the defendant is permitted to argue, and is entitled to a jury instruction explaining, that jurors may consider in the penalty phase any "residual doubts" concerning the defendant's guilt as a mitigating factor in determining whether to impose the death penalty or life imprisonment. The court brought the matter to a head, *sua sponte,* as early in the proceedings as possible, by inquiring whether the defendant is requesting such a penalty-phase instruction, so that the court could rule on the question and the parties could seek an interlocutory appeal, if they so desired. The defendant has now made clear, on the record, that, should this matter proceed to the penalty phase, he requests a penalty-phase instruction informing jurors that they may consider any "residual doubts" concerning the defendant's guilt as a mitigating factor in determining whether to impose the death penal-

ty or life imprisonment. The defendant relies primarily on *United States v. Davis,* 132 F.Supp.2d 455 (E.D.La.2001), in support of his request. The government strenuously objects to such an instruction.

■ The court recognizes that the Eighth Amendment to the United States Constitution does not require an instruction on "residual doubt" at the penalty phase. *Franklin v. Lynaugh,* 487 U.S. 164, 172–75, 108 S.Ct. 2320, 101 L.Ed.2d 155 (1988). However, the court finds that a much closer question is presented on whether or not "residual doubt" arguments and instructions are authorized or required by statute, such as 18 U.S.C. § 3592 or the comparable provisions in the death-penalty statute at issue here, 21 U.S.C. § 848. The court finds no guidance from the United States Supreme Court or the Eighth Circuit Court of Appeals on that question. However, the court ultimately finds the decision in *United States v. Davis,* 132 F.Supp.2d 455 (E.D.La.2001), to be persuasive on that question. Moreover, the court concludes that it could add nothing by further comment. Therefore, the court adopts the reasoning and analysis in *Davis* as applicable to the death penalty provisions of 21 U.S.C. § 848, and holds that the defendant will be permitted to raise the issue of "residual doubt" in the presentation of the penalty phase, if any, and that the court will include a "residual doubt" instruction in the court's penalty-phase instructions to the jury. *See Davis,* 132 F.Supp.2d at 456 (so concluding). The government's objection to such an instruction is overruled.

Although the court is uncertain what jurisdictional statute would permit it, the court strongly urges the government to seek an expedited interlocutory appeal on this issue. The court finds that the issue is a material and controlling question of law as to which there is substantial ground for difference of opinion, that the issue is one on which the law is unsettled, and that an immediate appeal from this order may materially advance the ultimate, proper resolution of this prosecution.

THEREFORE, the court **grants** the defendant's request for a penalty-phase jury instruction informing jurors that they may consider any "residual doubts" concerning the defendant's guilt as a mitigating factor in determining whether to impose the death penalty or life imprisonment, and **overrules** the government's objection to such an instruction. The defendant **will** be permitted to raise the issue of "residual doubt" in the presentation of the penalty phase, if any, and the court **will** include a "residual doubt" instruction in the court's penalty-phase instructions to the jury.

**IT IS SO ORDERED.**